**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **AETNA LIFE INSURANCE COMPANY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO.** |
| | § | **3:17-cv-01149** |
| **ELIZABETH PORTER, an individual,** | § | |
| **JAMIE PORTER, an individual,** | § | |
| **TAWASKY V. JONES, an individual,** | § | |
| **MARIA PORTER, an individual,** | § | |
| | § | |
| **Defendants.** | § | |

---

**COMPLAINT OF PLAINTIFF AETNA LIFE INSURANCE COMPANY**
**IN INTERPLEADER**

---

Plaintiff Aetna Life Insurance Company ("Aetna") alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Aetna is a corporation organized under the laws of the State of Connecticut and maintains its principal place of business in Connecticut.

2.      Aetna is informed and believes and thereupon alleges that Defendant Elizabeth Porter is a citizen and resident of Opelousas, Louisiana.

3.      Aetna is informed and believes and thereupon alleges that Defendant Jamie Porter is a citizen and resident of Opelousas, Louisiana.

4.      Aetna is informed and believes and thereupon alleges that Defendant Tawasky V. Jones is a citizen and resident of Dallas, Texas.

5.      Aetna is informed and believes and thereupon alleges that Defendant Maria Porter is a citizen and resident of Dallas, Texas.

6.      This Court has jurisdiction pursuant to 28 U.S.C. § 1335 because this is a civil interpleader action between parties of diverse citizenship who claim to be entitled to benefits pursuant to a group life insurance policy, the amount in controversy is greater than $500, and the Plaintiff has deposited the money with the registry of this Court.

7.      This Court also has jurisdiction pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1000, *et seq.* because the insurance proceeds which are the subject of this Interpleader are payable pursuant to an employee benefit plan governed by ERISA.

8.      Aetna has, contemporaneously with the filing of this Complaint, unequivocally requested an Order from this Court for the deposit of the sum of $112,000, plus applicable interest through April 30, 2017, in the amount of $165.50, with this Court.

## GENERAL ALLEGATIONS

9.      In September 2015, Aetna issued group life insurance policy number GP-737542 to McDonald's Corporation (the "Policy"), the employer of Melcolmn Porter (the "Insured"). The Policy was issued pursuant to an employee welfare benefit plan established by McDonald's Corporation, of which the Insured was a participant.  A true and correct copy of the Policy is attached hereto as **Exhibit A** and fully incorporated herein by reference.

10.     Aetna is informed and believes and thereupon alleges that the Insured died of natural causes on August 11, 2016, and the amount of money due under the Policy at that time was the sum of $112,000.00.

11.     Under the terms of the Policy, Aetna became obligated to pay the sum of $112,000, plus applicable interest (the "Policy Proceeds"), to the person who is, or persons who are, lawfully entitled to same.

12.     Plaintiff is informed and believes and thereupon alleges that Defendant Elizabeth Porter ("Elizabeth") is the mother of the Insured.

13.     Plaintiff is informed and believes and thereupon alleges that the Insured, at the time of his death, was married to Defendant Maria Porter ("Maria").

14.     Plaintiff is informed and believes and thereupon alleges that Defendant Jamie Porter (Jamie") is a sibling of the Insured.

15.     Plaintiff is informed and believes and thereupon alleges that Defendant Tawaski Jones ("Tawaski") was a friend of the Insured.

16.     In order to be entitled to Group Term Life Insurance benefits under the Policy, certain requirements must be met.  The Policy provides, in pertinent part:

Naming Your Beneficiary

A beneficiary is the person you designate to receive life benefits if you should die while you are covered.  You may name anyone you wish as your beneficiary. You may name more than one beneficiary.  You will need to complete a beneficiary designation form, which you can get from your employer.

You may change your beneficiary choice at any time by completing a new beneficiary designation form. Send the completed form to your employer or to Aetna.  The beneficiary change will be effective on the date you sign a new beneficiary designation form.

Prior to your death, you are the only person who can name or change your beneficiary.  No other person may change your beneficiary on your behalf, including, but not limited to, any agent under power of attorney, whether durable or non-durable, or other power of appointment.

Aetna pays life insurance benefits in accordance with the beneficiary designation it has on record.

If you have not named a primary beneficiary or contingent beneficiary, or if the person you have named dies before you, payment will be made as follows to those who survive you:

• Your spouse or domestic partner, if any.

- If there is no spouse or domestic partner, in equal shares to your children.
- If there is no spouse or domestic partner, or you have no children, to your parents, equally or to the survivor.
- If there is no spouse or domestic partner, or you have no children, or parents, in equal shares to your brothers and sisters.
- If none of the above survives, to your executors or administrators.

17.     On September 4, 2016, McDonald's submitted an online claim submission relating to the Insured's death and advised Aetna that the Insured had named three contingent beneficiaries, Elizabeth, Jamie and Tawaski, and did not name a primary beneficiary.  A true and correct copy of the claim submission and screen print of the named contingent beneficiaries submitted to Aetna is attached as **Exhibit B** and fully incorporated herein by reference.

18.     On September 27, 2016, McDonald's submitted the Insured's Death Certificate through the online submission.  A true and correct copy of the claim submission and Death Certificate provided on September 27, 2016 is attached hereto as **Exhibit C** and fully incorporated herein by reference.

19.     Thereafter, Elizabeth submitted an Affidavit of Sole Survivors to Aetna indicating that the Insured had a spouse, Maria, and a child.  A true and correct copy of the Affidavit of Sole Survivors submitted to Aetna is attached hereto as **Exhibit D** and fully incorporated herein by reference.

20.     On January 19, 2017, Elizabeth, through her attorney, advised Aetna that she challenged any payment made to Maria and would file suit, if necessary.  A true and correct copy of the January 19, 2017 letter is attached hereto as **Exhibit E** and fully incorporated herein by reference.

21.     On March 28, 2017, Aetna sent letters to Elizabeth Porter, through her attorney, and to Maria Porter, surviving spouse, explaining that it could not pay the life insurance benefits

due to the adverse claim situation.  True and correct copies of the March 28, 2017, letters are attached as **Exhibit F** and **Exhibit G**, respectively, and fully incorporated herein by reference.

22.    Aetna admits that the Policy Proceeds, plus applicable interest, are now due and owing.  Aetna has at all times been, and is now ready, willing, and able to pay the Policy Proceeds to the person(s) legally entitled thereto.  However, Aetna is unable to ascertain the proper beneficiary or beneficiaries.  Consequently, Aetna cannot pay the Policy Proceeds without the risk of multiple liabilities, and the danger of being compelled to pay said proceeds twice, once to the Insured's surviving spouse and once to the three named contingent beneficiaries.  Since Aetna may be exposed to multiple liability based on conflicting claims it is hereby seeking protection provided by FEDERAL RULES OF CIVIL PROCEDURE, Rule 22.

23.    Because Aetna does not dispute that it holds benefits that became payable upon the death of the Insured, Aetna is a mere stakeholder with no interest in the controversy between the above Defendants, except as remuneration for its costs and attorney's fees incurred in this action.  Thus, Aetna has filed this Complaint in Interpleader.

## NOTICE OF WILLIGNESS OF DEPOSIT
## AND REQUEST TO INTERPLEAD FUNDS

24.    The amount of benefits now due and owing under the Policy on account of the Insured's death is $112,000, plus applicable interest through April 30, 2017, in the amount of $165.50, for a total of $112,165.50, which amount Aetna is unequivocally willing and ready to pay into the registry of this Court.

25.    Aetna moves this Court for an Order to allow Aetna to interplead these insurance funds into the registry of the Court.

## REQUEST FOR ATTORNEY'S FEES

26.     Aetna has been called upon to retain the services of an attorney for the purpose of protecting its interests arising from the actual or potential conflicting and adverse claims to the Policy Proceeds, and will be called upon to pay its attorneys for the services rendered by them with respect thereto.  In addition, Aetna will be compelled to incur costs and disbursements in the prosecution of this action.  Such attorney's fees, costs, and disbursements are and should be a legal charge upon the proceeds due and owing under the Policy and the same should be paid to Aetna out of the monies that will be deposited with this Court.  *See Rhoades v. Casey,* 196 F.3d 592, 603 (5th Cir. 1999); *see also Corrigan Dispatch Co. v. Casa Guzman*, 696 F.2d 359, 364 (5th Cir. 1983).

WHEREFORE, Aetna prays for judgment as follows:

1.     That this court decree that the Complaint for Interpleader is properly filed, and that this is a proper cause for interpleader;

2.     That Defendants be ordered to interplead and settle amongst themselves their respective rights and claims to the remaining Policy Proceeds due and owing as a result of the Insured's death;

3.     That, upon making a payment of the Policy Proceeds and applicable interest into the registry of this Court, Aetna be released, discharged, and forever acquitted of any and all liability of any kind or nature whatsoever under the Policy on account of the Insured's death;

4.     That Defendants and each of them, be permanently restrained and enjoined from instituting or prosecuting against Aetna any proceeding in any State or United States Court or administrative tribunal in connection with the recovery of the remaining policy proceeds due and owing as a result of the Insured's death;

5.     That Aetna be dismissed from this action, with prejudice, and recover its reasonable attorney's fees, costs, and disbursements incurred in bringing this action, to be paid from the interpled funds; and

6.     That Aetna be awarded such other and further relief as the Court deems just and proper.

Dated: May 2, 2017                              Respectfully submitted,

                                                **GORDON & REES**
                                                **SCULLY MANSUKHANI, LLP**


                                                By:    _/s/Courtney Hill_____
                                                       **COURTNEY HILL**
                                                       Texas State Bar No. 24094279
                                                       cchill@gordonrees.com
                                                       (213) 576-7867– Telephone
                                                       (213) 680-4470 – Facsimile
                                                       **CHRISTINA L. McCRACKEN**
                                                       Texas State Bar No. 13474400
                                                       cmccracken@gordonrees.com
                                                       2100 Ross Avenue, Suite 2800
                                                       Dallas, Texas  75201
                                                       214.231.4660 (Telephone)
                                                       214.461.4053 (Facsimile)
                                                **ATTORNEYS FOR PLAINTIFF**
                                                **AETNA LIFE INSURANCE COMPANY**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5 on this the 2nd day of May, 2017.

Kevin D. Thompson, Esq.
7921 W. Park Avenue
Houma, LA 70364
985-876-4399
985-876-4894 FAX
*Counsel for Defendant Elizabeth Porter*

                                                _/ s/ Christina L. McCracken_____
                                                Christina L. McCracken